**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERNON MARCUS COLEMAN,

      Plaintiff,                   Civil No. 2:19-CV-11209
                                       HONORABLE VICTORIA A. ROBERTS
v.                                 UNITED STATES DISTRICT JUDGE

OFFICER RUBINC, et. al.

      Defendants,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Vernon Marcus Coleman's *pro se* civil rights complaint. Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia. The original and amended complaints are **Dismissed without prejudice for failing to state a claim upon which relief can be granted.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F. 3d at 612; *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Plaintiff alleges that his constitutional rights were violated by persons acting under color of federal law; the complaint is construed as a *Bivens* action. *See e.g. Shehee v. Luttrell*, 199 F.3d 295, 298

(6th Cir. 1999). The screening provisions of the Prisoner Litigation Reform Act (PLRA) are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### III. <u>The complaint</u>

Plaintiff in his original and amended complaints alleges that Defendant Rubinc is a police officer with the Wayne County Airport Police Department. Plaintiff alleges that on July 10, 2018, Defendant Rubinc filed a false police report against Plaintiff which lead to his arrest at the Detroit Metropolitan Airport. Plaintiff claims that Defendant Rubinc falsely accused Plaintiff of possessing heroin. Plaintiff alleges that this was part of a large conspiracy within the Wayne County Metropolitan Airport Police Department. Plaintiff alleges that he was unlawfully restrained. Plaintiff also argues that he suffered emotional distress, depression, mental anguish, and fear and stress as a result of the Defendants' actions. Plaintiff further alleges that that Defendant Rubinc defamed him by accusing him of possessing heroin. Plaintiff further alleges he was forced to hire an attorney to defend himself against these charges.

Plaintiff previously filed two complaints which were consolidated. Plaintiff alleged in those complaints that on July 10, 2018, he was stopped and illegally searched at the Detroit Metropolitan Airport by Defendants Johansene and Bucciarellir, two airport police officers. Plaintiff alleged that the officers seized money from him without a warrant. Plaintiff alleged that evidence from this arrest was used as the basis to revoke his supervised release for his conviction for conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine out of the United

3

States District Court for the Northern District of Georgia. Plaintiff's supervised release was revoked and he was sentenced to twenty four months incarceration.[1] Plaintiff acknowledges in his complaint that his current status is as an inmate due to a "Probation Violated and on Appeal." (ECF 1, Pg ID 4). The prior complaint was dismissed without prejudice for failing to state a claim upon which relief can be granted. *Coleman v. Johansene*, No. 2:19-CV-10572, 2019 WL 1746256 (E.D. Mich. Apr. 18, 2019). Plaintiff's current complaint was originally assigned to Judge Bernard A. Friedman; it was reassigned on June 24, 2019 to this Court as a companion to the prior case. (ECF 7).

## IV. Discussion

The Court summarily dismisses the complaint; it fails to state a claim upon which relief can be granted.

Plaintiff's lawsuit against the defendants for the alleged false police report is subject to dismissal, because his lawsuit would not be cognizable unless and until his supervised release violation was overturned or invalidated.

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* bars the recovery of monetary damages from a supervised

---

[1] See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

release violation unless the revocation of supervised release is reversed or vacated. *See Wingo v. Mullins*, 400 F. App'x 344, 346–47 (10th Cir. 2010); *Nikirk v. Rodriguez*, 129 F. App'x 103, 104 (5th Cir. 2005); See also *Faber v. Smith,* No. 17-2523, 2018 WL 6918704, at * 2 (6th Cir. June 6, 2018), *reh'g denied* (June 28, 2018)(Under *Heck*, "Faber cannot file *Bivens* claims that would undermine the validity of the district court's orders amending his supervised release terms).

Plaintiff's allegation that the defendants falsified a police report to indicate he possessed a controlled substance is barred by the *Heck* doctrine. *See e.g. Scheib v. Grand Rapids Sheriff's Dept.,* 25 F. App'x 276, 277 (6th Cir. 2001)(state inmate's § 1983 claim that fabricated police records influenced charges brought against him would affect validity of his still-standing conviction, and thus were barred by *Heck* rule). One of Plaintiff's conditions of supervised release was that he was not to be in possession of illegal drugs. *See United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 796, Pg ID 8). Plaintiff's supervised release was revoked because he was arrested at the Detroit Metropolitan Airport on July 10, 2018 while in possession of heroin and a large sum of money. (*Id.*, Pg ID 9-10, 24). Plaintiff's probation agent sought to revoke his supervised release on the basis of this incident. (*Id.*, Pg ID 11-12). The district judge ultimately found that Plaintiff violated this and other conditions of his supervised release. See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 803). Plaintiff's supervised release was revoked; he was sentenced to prison. See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 804). Plaintiff does not allege any compensable injury from the alleged falsified police report other than the revocation of his supervised release.

Plaintiff's claim that he suffered from emotional or psychological injury from the allegedly false police report must be dismissed because there is no allegation that he suffered any physical injury as a result of the defendants' actions. 42 U.S.C. 1997e(e) states:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Plaintiff does not allege any physical injury; he is not entitled to damages for emotional distress.

Plaintiff also claims that the allegedly falsified police report defamed his character because it wrongly labelled him as a drug user or drug trafficker. "Absent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005)(citing *Paul v. Davis*, 424 U.S. 693, 701–03 (1976); *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993)). Plaintiff's claim that the defendants maligned his character by suggesting that he used or sold narcotics is "a claim of defamation [which] standing alone, is not subject to redress under § 1983, absent more tangible harm." *Hall v. United States*, 704 F.2d 246, 252 (6th Cir. 1983).

Finally, Plaintiff's claim that he was forced to incur legal expenses in connection with his arrest and subsequent supervised release violation is barred by *Heck,* until such

time as his supervised release violation is set aside or vacated. *Johnson v. Nichols*, No. 2:07-CV-14605, 2008 WL 302383, at * 1 (E.D. Mich. Feb. 1, 2008).

The Court dismisses the case pursuant to *Heck v. Humphrey;* the dismissal is without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).[2]

Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F. Supp. 2d at 802. The Court summarily dismissed the complaint because Plaintiff failed to state a claim for relief; this is inconsistent with a determination that any appeal would be undertaken in good faith. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

V.

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] and the amended complaints [Dkt. # 4, 6] are **DISMISSED** without prejudice. The Court certifies that any appeal by Plaintiff would be frivolous and not in good faith.

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
United States District Judge

DATED: 6/27/19

---

[2] Plaintiff most likely should have brought this claim as part of his complaint in his earlier case. Claim preclusion prevents parties from litigating matters that "should have been advanced in an earlier suit." *Wheeler,* 807 F. 3d at 764. The doctrine of claim preclusion is inapplicable where the prior action was dismissed without prejudice, *Id.* at 767, which happened in Plaintiff's prior action; this case is not subject to dismissal under the doctrine of claim preclusion. *Id.*